**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**PORTIA SHEREE PITTMAN**
**a/k/a Mary Pittman, Heir and**
**Executor-in-fact to the Estates of**
**Sylvester Pittman and James**
**Eugene Pittman, Sr.**                                    **PLAINTIFF**

**v.**                                              **CAUSE NO. 1:25cv199-LG-BWR**

**HARRISON COUNTY,**
**MISSISSIPPI, et al.**                                    **DEFENDANTS**

**ORDER ADOPTING REPORT AND RECOMMENDATIONS, GRANTING
DEFENDANTS' MOTIONS TO DISMISS, AND GRANTING PLAINTIFF
<u>TIME TO FILE A MOTION TO AMEND COMPLAINT</u>**

Plaintiff Portia Sheree Pittman filed this pro se lawsuit against Harrison

County, Mississippi; Chief Deputy Clerk Angela Thrash; Probate Attorney Alvin

Chase; "fraudulent heir" Theresa L. Martin a/k/a Ethel Augustine a/k/a Ethel

Pittman[1]; Chancery Court Clerk Supervisor Lesley Sefton; Internal Probate

Division employee Janice Carter; Chancery Court Deputy Clerk Tracy D.

Thompson; Supervisor in Records Division Derrick Fields; Realtor Clinton L. Morris

a/k/a CL a/k/a Cee; and John and Jane Does.[2]  Compl. [1] at 2–5.  The United States

---

[1] As stated in Defendants' [19] Motion, "Plaintiff has listed Ethel Pittman as an alias to a named defendant, Teresa L. Martin, in her complaint for violation of civil rights.  Ethel Pittman does not use the name of Teresa L. Martin . . . ."  Mot. [19] at 1, n.1.  The Court will refer to this defendant by the name "Ethel Pittman" because she is referred to by that name in the underlying state court Judgment that is at issue in this case.

[2] Plaintiff assigned these titles to Defendants in her Complaint.  The Court has not determined whether these titles are accurate.  Plaintiff voluntarily dismissed her claims against Defendant Clinton L. Morris a/k/a CL a/k/a Cee on June 9, 2026. The Court will sometimes collectively refer to the following defendants as "the

Magistrate Judge entered a [22] Report and Recommendation proposing that Defendants' [16, 19] Motions to Dismiss should be granted. After reviewing the Report and Recommendation and the submissions of the parties, the Court finds that the Report and Recommendation should be adopted, and the Motions to Dismiss should be granted. The Court will allow Plaintiff time to file a properly supported motion for leave to amend her Complaint.

## BACKGROUND

In her [1] Complaint, Plaintiff generally alleges that Defendants engaged in "systemic obstruction, fraud, and racial discrimination in the handling of probate and estate matters . . . under color of state law in Harrison County, Mississippi, and associated federal violations." Compl. [1] at 12. She claims that Defendants "never properly processed" the estate of her grandfather, Sylvester Pittman. *Id.* She further claims Defendants deleted "a permanent state record [of] the homestead" after her father, James Eugene Pittman, Sr., passed away. *Id.* at 4. She further asserts:

> [A]t least 45 probate cases, primarily African American and Indigenous families, were misclassified as "inactive," "unlocatable," or labeled "red label," hidden away in a restricted file system in Gulfport. Six additional red-labeled cases, including [her] grandfather's, were confirmed to exist in Biloxi, and at least one was unlawfully transferred between courthouses on June 12, 2025, by Deputy Clerk Angela, without notice, under directive from individuals impersonating judicial authority, including a figure known as "Judge Chambers," who may be deceased or fictitious.

---

Harrison County Defendants": Harrison County, Mississippi; Thrash; Sefton; Carter; Thompson; and Fields.

*Id*. at 12.

Plaintiff claims Defendant Ethel Pittman conspired to defraud the estate of Sylvester Pittman, and "[d]espite no legal documentation of marriage to Mr. Pittman, she presented herself as a rightful heir." *Id*. at 11.  Plaintiff further alleges that Ethel Pittman "obtained confidential estate files from a state actor, Janice Carter, bypassing formal legal procedure, and participated in the wrongful seizure of Plaintiff's family land." *Id*.  She alleges the other Defendants unlawfully suppressed, withheld, misfiled, misrepresented, removed, accessed, transferred, mishandled, and/or obstructed probate and estate files and records. *Id*. at 10–12. She asserts, "Multiple confidential military contacts, some with Pentagon-level clearance, assisted the Plaintiff in uncovering aspects of this operation, including covert communications between Janice Carter (probate staff) and Teresa L. Martin (a.k.a. Ethel Pittmann) [sic], an undocumented individual from Trinidad." *Id*.

Plaintiff attempts to assert the following federal claims: denial of her Fourteenth Amendment rights to due process and equal protection; First Amendment retaliation; an unreasonable seizure of property in violation of the Fourth Amendment; a taking in violation of the Fifth Amendment; a conspiracy in violation of 42 U.S.C. § 1985; mail fraud in violation of 18 U.S.C. § 1341; destruction, alteration, or  falsification of records in violation 18 U.S.C. § 1519; a conspiracy against rights in violation of 18 U.S.C. § 241; a deprivation of rights under color of law in violation of  18 U.S.C. § 242; a claim pursuant to the Racketeer Influences and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961–1968; and a

whistleblower claim under 5 U.S.C. § 2302.  She also attempts to assert the following state law claims: violation of Mississippi probate procedures; tampering with public records in violation of Miss. Code Ann. § 25-1-113 et seq.; common law fraud; and civil conspiracy.

The Court granted Plaintiff permission to proceed in forma pauperis on July 30, 2025.  Several months later, the Harrison County Defendants filed a [16] Motion to Dismiss for Lack of Standing and/or Lack of Jurisdiction, and/or to Abstain. Defendants Alvin Chase and Ethel Pittman also filed a [19] Motion to Dismiss for Lack of Standing and/or Lack of Jurisdiction and/or to Abstain.  Plaintiff did not respond to either Motion, and the United States Magistrate Judge entered a [22] Report and Recommendation proposing that the Motions to Dismiss should be granted.  Plaintiff filed an [23] Objection to the Report and Recommendation and a [24] Motion for Leave to File Out-of-Time Response to Defendants' Motions to Dismiss, which the Court granted.  Plaintiff filed her [28] Response to the Motions to Dismiss on June 9, 2026.

In her [28] Response, Plaintiff attempted to assert additional claims under "Federal treaty obligations governing Spanish-origin and indigenous land claims on the Mississippi Gulf Coast," as well as the following statutes and regulations: 25 U.S.C. §§ 2201–2220; 25 U.S.C. §§ 371–375; 25 U.S.C. §§ 461–483; 25 U.S.C. § 162a; 25 C.F.R. Part 15; 18 U.S.C. § 1512; 18 U.S.C. § 1503; and 18 U.S.C. § 2071.  Resp. [28] at 2.  She also alleged "death certificate fraud," "paper genocide," and described events that allegedly occurred after she filed this lawsuit.  The Court will not

consider these purported claims and allegations because Plaintiff has not obtained leave to amend her Complaint.

**DISCUSSION**

## I.  STANDING

"A court must, where necessary, raise the question of Article III standing sua sponte."  *Handshoe v. Perret*, 270 F. Supp. 3d 915, 927 (S.D. Miss. 2017) (citing *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 332 (5th Cir. 2002)). Article III of the Constitution restricts federal courts' jurisdiction to "cases" and "controversies."  U.S. Const. art. III, § 2.  "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case—in other words, standing."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citation modified).  A plaintiff has standing only if she "allege[s] personal injury fairly traceable to the defendant's allegedly unlawful conduct [that is] likely to be redressed by the requested relief."  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (citation modified).

"In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties."  *Powers v. Ohio*, 499 U.S. 400, 410 (1991).  An exception to this general rule applies when (1) the plaintiff suffered "an injury in fact, thus giving him or her a sufficiently concrete interest in the outcome of the issue in dispute"; (2) the plaintiff has "a close relation to the third party"; and (3) there is "some hindrance to

the third party's ability to protect his or her own interests." *Id.* at 410–11 (citation modified).

"Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element [of standing]." *Pearson v. Shriners Hosps. for Child., Inc.*, 133 F.4th 433, 446 (5th Cir. 2025) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).  The court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Barilla v. City of Houston*, 13 F.4th 427, 431 (5th Cir. 2021).

In her Complaint, Plaintiff appears to seek relief on behalf of persons who are not plaintiffs to this action, including "families of veterans and African-American [sic] descendants impacted between 2010-2025" and "Diondra Noel Pittman and James Eugene Pittman, Jr."  Compl. [1] at 13.  Plaintiff has not alleged facts that would allow her to present claims on behalf of these third parties.  In particular, she has not alleged that there is "some hindrance to the third party's ability to protect his or her own interests." *Powers*, 499 U.S. at 411.  As a result, the Court must dismiss all claims that Plaintiff is attempting to assert on behalf of third parties without prejudice.

Plaintiff also asks the Court to "[o]rder immediate injunctive relief preventing the further destruction or concealment of estate, probate, or heirship documentation by Harrison County officials or their agents."  Compl. [1] at 14.  This request for prospective relief must be denied because Plaintiff has not "allege[d] a

continuing (i.e., ongoing) or imminent future injury to establish standing." *See Jackson v. Wright*, 82 F.4th 362, 369 (5th Cir. 2023) (citation modified).

## II.  THE STATE COURT ACTION

The Harrison County Defendants have provided the Court with the following documents that were filed in the Matter of the Estate of Sylvester Pittman, Deceased, in the Second Judicial District of the Chancery Court of Harrison County, Mississippi: Petition to Establish Heirs-at-Law filed by Ethel A. Pittman, the Death Certificate of Sylvester Pittman, the Affidavit of Publication, and the Judgment Establishing Heirs-at-Law.  Defs.' Mot., Ex. A [16-1].  In the Judgment, the Chancellor determined that Mr. Sylvester Pittman had an interest in real property located at 534 Peyton Drive, Biloxi, Mississippi 39530, and 245 Lee Street, Biloxi, Mississippi 39530, at the time of his death.  The Chancellor further found that Mr. Pittman's sole heir-at-law is "Ethel A. Pittman a/k/a Ethel Elizabeth Augustin," and decreed that she is the "owner of any and all property, personalty and realty, owned by the deceased herein at the time of his death, wheresoever located and situated and whether described herein or not[.]"  *Id.* at 13.  The Judgment was signed on March 27, 2025, and filed on March 28, 2025.  Plaintiff filed the present lawsuit on June 20, 2025.

## III.  *ROOKER-FELDMAN* DOCTRINE

The United States Supreme Court recently explained, "Federal courts are courts of limited jurisdiction and generally can resolve only the cases that Congress grants them power to hear."  *T. M. v. Univ. of Md. Med. Sys. Corp.*, 146 S. Ct. 1739,

1746 (2026).  The *Rooker-Feldman* doctrine[3] prohibits federal district courts from hearing collateral attacks on state court judgments.  *Id.* at 1746–49; *Weaver v. Tex. Cap. Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011).  A state court judgment must first be appealed to the state's highest appellate court.  *T. M.*, 146 S. Ct. at 1746.  The United States Supreme Court can then review the appellate court's decision.  *Id.*

"A state court judgment is attacked for purposes of [*Rooker-Feldman*] when the federal claims are inextricably intertwined with a challenged state court judgment, or where the losing party in a state court action seeks what in substance would be appellate review of the state judgment."  *Weaver*, 660 F.3d at 904 (citation modified).  However, the doctrine "does not preclude federal jurisdiction over an independent claim, even one that denies a legal conclusion that a state court has reached . . . ."  *Id.*  (citation modified).  It "generally applies only where a plaintiff seeks relief that directly attacks the validity of an existing state court judgment."  *Id.*

### A.  Effect of Plaintiff's Non-Party Status

In her Objection, Plaintiff argues that the *Rooker-Feldman* doctrine does not bar her claims because "she was not a party to the chancery court heirship proceeding" and "she did not have a "full and fair opportunity to litigate her rights."

---

[3] Courts derived the *Rooker-Feldman* doctrine from two Supreme Court opinions: *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983), and *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923).

Obj. [23] at 2. The Court finds that Plaintiff's non-party status does not prevent application of the *Rooker-Feldman* doctrine.

First, it is unclear whether Plaintiff purposefully declined to appear in the estate action. She claims that she was unable "to collect and present the necessary information to properly file or defend a state claim because the proceeding was initiated and conducted on the basis of false and incomplete information supplied by Ethel and others." *Id.* at 2. Notably, Ethel Pittman served summonses by publication on "the Unknown Heirs-at-Law Of Sylvester Pittman, Deceased, and Any Other Person Claiming Any Right, Title or Interest in and to the Estate of Sylvester Pittman, Deceased," on February 16, 2025, February 26, 2025, and March 5, 2025. Mot., Ex. A [16-1] at 8–9 (citation modified). If the *Rooker-Feldman* doctrine only applied to parties who participated in the state court proceeding, "then property owners would be able to choose whether to contest the proceeding in state court, or hang back in order to preserve their right to proceed in federal court." *Dorce v. City of New York*, 2 F.4th 82, 103 (2d Cir. 2021). Thus, if Plaintiff was aware that Ethel Pittman had filed an heirship petition, and she chose not to file a claim, she cannot now rely on her non-party status to avoid application of the *Rooker-Feldman* doctrine.

Second, "[t]he axiom that the [*Rooker-Feldman*] doctrine generally applies to the claims of those who were parties in the prior state proceeding does not reflect a requirement; it reflects the reality that the doctrine usually affects such litigants because they are typically the ones bound by the state court judgment and would

attempt to undo it.  But this is not always true." *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 748 (10th Cir. 2023) (citation modified) (citing *Lance v. Dennis*, 546 U.S. 459, 465 (2006)).[4]  "[T]he question is whether a federal claimant seeks to appeal a state court judgment that the claimant could have appealed in state court, not whether the federal claimant was listed as a party on a state court docket." *Id.*

As a Texas court explained in a lawsuit concerning an estate, "[t]o the extent that Plaintiff . . . had the ability to appeal it and simply did not do so, the *Rooker-Feldman* doctrine would preclude jurisdiction over his request to essentially undo the probate court's judgment and award him the estate." *Easter v. City of Dall. Prob. Div.*, No. 3:21-CV-0860-D (BH), 2022 WL 2975349, at *4 (N.D. Tex. June 27, 2022), *report and recommendation adopted*, No. 3:21-CV-0860-D, 2022 WL 2972595 (N.D. Tex. July 27, 2022).   Similarly, a New York court stated, "[T]he core issue is whether Plaintiff, though not formally a party to the probate proceeding, had an opportunity—even if he did not make use of it—to appeal the alleged harm he suffered from the Surrogate[ ] Court's ruling in an action in which he did not have standing to participate." *Bartolini v. Mongelli*, 17-CV-06276 (PKC) (SJB), 2018 WL 6338771, at *3 (E.D.N.Y. Dec. 4, 2018).

As a result, this Court must determine whether Plaintiff had the ability to

---

[4] In *Lance v. Dennis*, the Supreme Court noted, "In holding that *Rooker-Feldman* does not bar the plaintiffs here from proceeding, we need not address whether there are any circumstances, however limited, in which *Rooker-Feldman* may be applied against a party not named in an earlier state proceeding—e.g., where an estate takes a de facto appeal in a district court of an earlier state decision involving the decedent." *Lance*, 546 U.S. at 466 n.2.

appeal the Sylvester Pittman Estate Judgment in state court.  Under Mississippi law, when a person dies intestate, "any heir at law of such deceased person, or any one interested in any of the property as to which he shall have died intestate, may petition the chancery court" for a determination of the heirs of the decedent.  Miss. Code Ann. § 91-1-27.  Once the chancery court receives "satisfactory evidence" that the parties to the heirship proceeding are the decedent's sole heirs at law, it enters "a judgment that the persons so described be recognized as the heirs at law of such a decedent[.]"  *Id.*  This "judgment shall be evidence in all the courts of law and equity in this state that the persons therein named are the sole heirs at law of the person therein described as their ancestor."  *Id.*  The judgment is immediately binding on all persons who have been "cited to appear" and respond to the petition. *Johnson v. Howell*, 592 So. 2d 998, 1001 (Miss. 1991) (citing Miss. Code Ann. § 91-1-31).  The judgment is binding as to all other persons and not subject to collateral attack "following the expiration of two years from its rendition."  *Id.*

In addition, "[a]ny person interested" may file a petition to reopen an estate and for an accounting "at any time within two years after final settlement."  Miss. Code Ann. § 91-7-309; *see also In re Estate of Hudson*, 962 So. 2d 90, 92 (Miss. Ct. App. 2007) ("The applicable statute of limitation to open the account of the administrator of the estate is two years from the date the estate was closed.").  Furthermore, when the estate administrator negligently omits an heir from an estate distribution proceeding, the omitted heir can collaterally attack the judgment.  *Shepherd v. Townsend*, 162 So. 2d 878, 881–82 (Miss. 1964).

-11-

As a result, even though Plaintiff did not participate in the estate proceeding, Mississippi statutes allow her to collaterally attack the state court Judgment and/or file a petition to reopen Sylvester Pittman's intestate estate within two years after the state court entered its Judgment.[5]  Thus, the *Rooker-Feldman* doctrine bars Plaintiff's claims to the extent she asks this Court to overturn the Judgment Establishing Heirs-at-Law entered in the Matter of the Estate of Sylvester Pittman, Deceased.

## B.  Whether Plaintiff Seeks to Overturn the State Court Judgment

Plaintiff argues that "several of [her] claims concern independent federal statutory and constitutional violations that do not require this Court to declare the chancery judgment invalid."  Obj. [23] at 2.

> Plaintiff acknowledges that some portions of the original Complaint, if read broadly, could be understood as seeking relief that would directly conflict with or alter the state heirship judgment.  Plaintiff does not insist that this Court sit as an appellate court over the Chancery Court or immediately vacate that judgment.

> Instead, Plaintiff is willing to narrow, clarify, or amend the requested relief so that this Court may address Plaintiff's independent federal injuries without directly overturning the state order.  Specifically, Plaintiff seeks federal relief for injuries independent of the chancery judgment itself, including alleged civil-rights violations under 42 U.S.C. § 1983, obstruction and tampering with probate and estate records, misuse of a death certificate, denial of access to land and trust-related files, and interference with Plaintiff's efforts to pursue federal trust, allotment, and whistleblower remedies.  These claims concern conduct by county officials and private actors under color of law, and they can be addressed through damages, declaratory relief, targeted injunctive relief concerning records and access, and leave to

---

[5] Since the Judgment was entered in March 2025, the two-year limitation period has not yet expired.

amend, without requiring this Court to function as a direct reviewer of the state-court heirship decision.

*Id.* at 2–3.  Plaintiff also requests leave to amend any request for relief that "is impermissibly framed as a direct challenge to the Chancery Court's judgment[.]" *Id.* at 3.

The Fifth Circuit "has determined that issues are 'inextricably intertwined' when a plaintiff casts a complaint in the form of a civil rights action simply to circumvent the *Rooker–Feldman* rule." *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 351 (5th Cir. 2003) (citation omitted).  Thus, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 690–91 (5th Cir. 1986), *overruled on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The only federal recourse for constitutional questions arising in state court proceedings is application for writ of certiorari to the United States Supreme Court. *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).  However, the inquiry does not end there because *Rooker-Feldman* "does not prohibit a plaintiff from presenting some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." *English v. Crochet*, 154 F.4th 369, 373 (5th Cir. 2025) (citation modified).

> The key inquiry . . . is the source of the injury alleged in the federal complaint.  If the injury stems from the state court decision itself, then *Rooker-Feldman* bars federal jurisdiction.  But if the injury arises from the defendant's actions, the plaintiff asserts an independent claim not subject to *Rooker-Feldman*.

*Id.*

Therefore, the Court must identify the source of Plaintiff's alleged injuries.

Plaintiff claims that Defendants' actions caused the following injuries:

- Wrongful displacement from her rightful residence at 245 Lee Steet, where she was living without eviction or due process;
- Destruction, theft, or removal of sentimental and personal property from all three ancestral properties:
  - o 205 Keller Avenue
  - o 245 Lee Street, and
  - o 534/546 Peyton Drive;
- Illegal occupation of said premises by individuals with no lawful claim, facilitated by state actors who knowingly obstructed and concealed documentation;
- Emotional distress and trauma caused by the loss of irreplaceable property, family heirlooms, and the violation of her housing and property rights;
- Economic losses from forced travel, independent investigations, property maintenance costs . . . and inability to access inherited property; . . . .
- Ongoing surveillance, harassment, and fear for personal safety, especially while traveling with a minor child; [and]
- Potential wrongful death of her father, James E. Pittman Sr., on September 9, 2022, under questionable circumstances while awaiting estate action—this remains under active investigation, and findings will be announced in supplemental pleadings.

Compl. [1] at 12–13.

The state court Judgment entered in the Estate of Sylvester Pittman "orders, adjudges, and decrees" that:

Ethel A. Pittman aka Ethel Elizabeth Augustin is the sole heir-at-law of Sylvester Pittman, Deceased, and is decreed to be the owner of any and all property, personalty and realty, owned by the deceased herein at the time of his death, wheresoever located and situated and whether described herein or not.

Judgment [16-1] at 13.  The Judgment further "ordered, adjudged and decreed that the Chancery Clerk of Harrison County shall record this Judgment in the Harrison

-14-

County land records and shall index it to the real property described in paragraph III of this Judgment." *Id.* Paragraph III lists two parcels of real estate that Sylvester Pittman "owned or had an interest in": 534 Peyton Drive, Biloxi, Mississippi 39530, and 245 Lee Street Biloxi, Mississippi 39530. *Id.* at 12.

Although Plaintiff's claims are somewhat unclear, it appears that the majority of her alleged injuries originated from the state court Judgment. For example, she seeks title to property that was awarded to Ethel Pittman by the Judgment. She further appears to claim that the Judgment deprived her of family heirlooms and other personal property. Those claims are therefore barred by *Rooker-Feldman.*

However, Plaintiff demands title to two properties—205 Keller Avenue and 645 Peyton Drive—that were not listed as property belonging to the decedent Sylvester Pittman in the Judgment. Therefore, the *Rooker-Feldman* doctrine does not bar Plaintiff's claims concerning these properties.

The following claims are likewise unrelated to the state court Judgment: (1) Defendant Janice Carter "[h]ad a document runner follow" Plaintiff; (2) "[o]ngoing surveillance, harassment, and fear for personal safety, especially while traveling with a minor child"; (3) the "[p]otential wrongful death of [Plaintiff's] father, James E. Pittman Sr."; and (4) "[e]conomic losses from forced travel, independent investigations, property maintenance costs." Compl. [1] at 11. Thus, these allegations are not barred by the *Rooker-Feldman* doctrine.

-15-

## IV.  SUA SPONTE CONSIDERATION OF PLAINTIFF'S REMAINING CLAIMS

Where, as here, a plaintiff is permitted to proceed in forma pauperis, the court may dismiss the plaintiff's claims "at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted[.]"  28 U.S.C. § 1915(e)(2)(B)(ii).  Courts use the same analysis for determining whether a complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6) when deciding whether a complaint states a claim under § 1915(e)(2)(B)(ii).  *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998).

"Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege enough facts to state a claim to relief that is plausible on its face and fails to raise a right to relief above the speculative level."  *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007) (citation modified). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> [A] plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  A plaintiff may not rest on "legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement."  *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019)

(citation modified).  However, courts must "liberally construe" pro se complaints. *Woods v. STS Servs., L.L.C.*, 164 F.4th 394, 397 (5th Cir. 2026).

As explained previously, Plaintiff seeks access and title to 205 Keller Avenue and 546 Peyton Avenue, but she has not explained why she believes she should be granted access and title to these properties.  She also has not alleged that these properties were wrongfully excluded from Sylvester Pittman's estate.

Similarly, Plaintiff has not presented sufficient facts to state a plausible claim related to her general assertions of surveillance, someone following her, travel, property maintenance, harassment, investigation costs, wrongful death, and general fear.  As a result, the Court finds that these claims should be dismissed without prejudice for failure to state a plausible claim for relief.

## V.  PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  "Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend."  *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, "a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects."  *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021), *as revised* (Nov. 26, 2021)).  Furthermore,

> [i]f leave of court is required under Fed. R. Civ. P. 15, a proposed amended pleading must be an exhibit to a motion for leave to file the pleading, and, if the motion is granted, the movant must file the

amended pleading as a separately docketed item within seven days
from entry of the order granting the motion.

L.U. Civ. R. 15.

Plaintiff requests leave to amend her Complaint, but she has not provided a proposed amended complaint.  The Court will grant Plaintiff permission to file a motion to amend her complaint with a proposed amended complaint attached as an exhibit, within twenty-one days of the date of this Order.  *See Wilborn v. Holmes County*, No. 3:22-CV-187-DPJ-FKB, 2023 WL 2335381, at *4 (S.D. Miss. Mar. 2, 2023).  "If no motion to amend is filed within that time period, the Court will enter a final judgment in accordance with Federal Rule of Civil Procedure 58 with no further notice."  *See id.*

## CONCLUSION

The Court finds that some of Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.  The remainder of Plaintiff's claims are dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Defendants' Motions to Dismiss are granted, and the Report and Recommendation is adopted.  Plaintiff may file a properly supported motion to amend her Complaint and a proposed amended complaint within twenty-one days of the date of this Order.  If Plaintiff does not file a motion to amend and proposed amended complaint within that time, the Court will enter a judgment of dismissal without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [22] Report and Recommendation is **ADOPTED** and Defendants' [16, 19] Motions to Dismiss are **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Court will temporarily withhold entry of a final judgment and grant Plaintiff **TWENTY-ONE DAYS** to file a motion to amend her complaint with a proposed amended complaint. If Plaintiff does not file a timely motion to amend with a proposed amended complaint attached, the Court will enter a final judgment of dismissal without prejudice.

**SO ORDERED AND ADJUDGED** this the 31st day of July, 2026.

s/ *Louis Guirola, Jr.*

Louis Guirola, Jr.
United States District Judge